**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| BILLJCO, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Civil Action No. 6:21-cv-00528-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
CLAIMS OF WILLFUL INFRINGEMENT AS TO EACH PATENTS-IN-SUIT AND
PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT
AS TO EACH PATENTS-IN-SUIT**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Legal Standard | | 1 |
| III. | Argument | | 2 |
| | A. | BillJCo's Willful Infringement Claims Should Be Dismissed | 2 |
| | | 1. BillJCo's Allegations of Pre-Suit Knowledge Are Insufficient | 2 |
| | | 2. No "Egregious" Conduct Is Alleged | 4 |
| | B. | The Asserted Patents Indirect Infringement Claim Should Be Dismissed | 5 |
| | | 1. BillJCo's Pre-Suit Knowledge Allegations Fail to Plausibly State a Claim of Indirect Infringement | 5 |
| | | 2. BillJCo Also Fails to Plead Specific Intent to Cause Induced Infringement | 6 |
| | | 3. BillJCo's Generic Allegations of Contributory Infringement are Deficient | 9 |
| IV. | Conclusion | | 10 |

# **TABLE OF AUTHORITIES**

**CASES**

*Addiction and Detoxification Inst. L.L.C. v. Carpenter*,
 620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................6, 7

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
 No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................................8, 9

*Artrip v. Ball Corp.*,
 735 F. App'x 708 (Fed. Cir. 2018) .........................................................................................5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..................................................................................................1, 3, 9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).........................................................................................................1, 5

*Blackberry Ltd. v. Nokia Corp.*,
 No. 17-cv-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ....................................9, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. 632 (2015)..........................................................................................................5, 6

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
 No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) .................................................3

*Fluidigm Corp. v. IONpath, Inc.*,
 No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020).........................................4

*Fujitsu Ltd. v. Netgear Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010)..................................................................................................9

*Google LLC v. Princeps Interface Techs. LLC*,
 No. 19-CV-06566-EMC, 2020 WL 1478352 (N.D. Cal. Mar. 26, 2020).................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016)...............................................................................................3, 4, 5

*Ikorongo Texas LLC v. LG Elecs. Inc. et al.*,
 No. 6:20-cv-257-ADA (W.D. Tex.), Dkt. 78 (March 31, 2021) ...............................................8

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012)................................................................................................10

*Iron Oak Techs., LLC v. Acer Am. Corp. et al.*,
 6:17-cv-00143, Dkt. 18 (W.D. Tex. Nov. 28, 2017)..................................................................9

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ......................................9

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ....................................6

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ..........................................5

*Med. Components, Inc. v. Osiris Med., Inc.*,
    No. 15-cv-305, 2016 WL 7638155 (W.D. Tex. July 12, 2016) ..............................................1

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ....................................5

*Memory Integrity, LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) .......................................................................................7

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ...............................................................................................................7

*Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
    472 F.Supp.3d 377 (E.D. Mich. 2020) ............................................................................2, 4, 7

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) .......................................................................................6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ...........................2

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) .........................................1

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ..............................................................................................2

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) .............................................................................................8, 9

*U.S. Philips Corp. v. Iwasaki Elec. Co.*,
    505 F.3d 1371 (Fed. Cir. 2007) ..............................................................................................2

*Unwired Planet, LLC v. Apple Inc.*,
    No. 13-cv-04134-VC, 2017 U.S. Dist. LEXIS 20935 (N.D. Cal. Feb. 14,
    2017) ......................................................................................................................................3

**STATUTES**

35 U.S.C. §271(b) ........................................................................................................................10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 84 ............................................................................................1

Federal Rule of Civil Procedure 8 ..............................................................................................1

**I.    INTRODUCTION**

Plaintiff BillJCo, LLC's ("BillJCo" or "Plaintiff") Complaint fails to plead facts that plausibly allege willful infringement by Apple Inc. ("Apple" or "Defendant") as to each asserted patent – U.S. Patent Nos. 8,566,839 ("'839 patent"); 8,639,267 ("'267 patent"); 8,761,804 ("'804 patent"); 9,088,868 ("'868 patent"); 10,292,011 ("'011 patent"); and 10,477,994 ("'994 patent") (collectively, "the asserted patents"). The Complaint offers only speculative and inaccurate allegations that Apple had knowledge of the asserted patents and makes no allegations that Apple's conduct was egregious, as required by controlling precedent. Similarly, BillJCo's allegations fail to state a claim for both induced and contributory infringement of the asserted patents, offering only conclusory and speculative indications of knowledge of the asserted patents and failing to allege anything other than insufficient, boilerplate recitations of the other elements of these indirect infringement claims. BillJCo's claims should be dismissed.

**II.    LEGAL STANDARD**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the plausibility standard, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In addition, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* While Form 18 of Fed. R. Civ. P. 84 previously governed pleading requirements for allegations of direct infringement in patent cases, that rule was abrogated on December 1, 2015 "in favor of the more stringent pleading requirements of Federal Rule of Civil Procedure 8." *Med. Components, Inc. v. Osiris Med., Inc.*, No. 15-cv-305, 2016 WL 7638155, at *3 (W.D. Tex. July 12, 2016). Accordingly, *Twombly* and *Iqbal* now apply to a plaintiff's infringement claims. *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955,

1

2016 WL 3542430, at *2-3 (E.D. Tex. June 28, 2016).

### III. ARGUMENT

#### A. BillJCo's Willful Infringement Claims Should Be Dismissed

##### 1. BillJCo's Allegations of Pre-Suit Knowledge Are Insufficient

"To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

BillJCo does not point to facts sufficient to allege pre-suit knowledge of the asserted patents, let alone that Apple knew that any of its conduct infringed (or could infringe) the asserted patents. Instead, BillJCo cobbles together random facts and makes vague accusations to form the basis of Apple's alleged knowledge of the asserted patents. However, the speculation and vague accusations by BillJCo do not satisfy the burden to plead pre-suit knowledge sufficient for willful infringement. *See Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F.Supp.3d 377, 384 (E.D. Mich. 2020) (dismissing willful infringement claim based on "purely conclusory" factual allegation "devoid of further factual enhancement") (citations omitted); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").

First, BillJCo alleges that Apple became aware of its asserted patents during Apple's patent prosecution of its U.S. Patent Appl. No. 13/373,966 and therefore, "knew or should have known" that they were infringing the asserted patents. Compl., ¶ 39. However, a citation of patent in a patent application is an insufficient notice of infringement and would not allow Apple to have knowledge of a specific infringement claim. *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d

1371, 1375 (Fed. Cir. 2007); *see also Unwired Planet, LLC v. Apple Inc.*, No. 13-cv-04134-VC, 2017 U.S. Dist. LEXIS 20935, at *4-6 (N.D. Cal. Feb. 14, 2017) (stating that evidence of Defendant's familiarity with the Plaintiffs patent portfolio and inclusion of the patent in Defendant's patent application, "reveals, at best, an undifferentiated risk of future infringement allegations that Apple might have had reason to explore – perhaps enough to go to trial on a negligence standard, but plainly not enough for willful blindness.").

Second, BillJCo alleges that "Apple has been aware that it infringes the Patents-in-Suit since at least June 5, 2019 upon it receiving a letter from BillJCo regarding the Patents-in-Suit." Compl., ¶ 38.  However, BillJCo does not allege that it identified all asserted patents or informed Apple of its alleged infringement, and it does not attach a copy of the letter.  Indeed, the allegation in paragraph 38 that BillJCo gave notice to Apple of all asserted patents in its June 5, 2019 letter is implausible on its face because the '994 patent did not issue until November 19, 2019, five months after BillJCo sent the alleged June 5 letter.  *Compare* Compl., ¶ 27 *with* Compl., ¶ 38.  Such conclusory and inaccurate allegations are insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

In addition, a second independent ground for dismissal is that BillJCo's allegations also offer no support for any conclusion that Apple knew or should have known that any of its conduct amounted to infringement of the asserted patents.  Absent knowledge of the alleged infringement, there can be no willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016) (a plaintiff must allege infringement was "intentional or knowing" to adequately plead willful infringement); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020) ("To state a claim for enhanced damages based on willful infringement, however, Dynamic Data must allege not only that Dynamic Data had

3

knowledge of the asserted patents, but also that Amlogic had knowledge of its infringement of the asserted patents."); *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020) ("Patent owners did allegedly notify defendant of the '104 patent. But, notably, the complaint never alleges that the letter accused defendant of infringement, much less detailed *how* defendants allegedly infringed.") (emphasis in original). Here, BillJCo alleges no sufficient *facts* showing that Apple had any knowledge of any alleged infringement. Again, BillJCo does not allege in its Complaint that the alleged June 5, 2019 letter accused Apple of infringing the asserted patents. Compl., ¶ 38. Rather, BillJCo only offers the barest conclusory allegation in this regard, which is insufficient. *Michigan Motor Techs*., 472 F.Supp.3d at 384.

Accordingly, BillJCo's allegations of Samsung's pre-suit knowledge of (1) the asserted patents and (2) Samsung's alleged infringement each fail to meet the plausibility standard.

### 2. No "Egregious" Conduct Is Alleged

A claim of willful infringement also requires that the plaintiff show that a defendant's infringement is an "egregious case[ ] of culpable behavior," conduct that has been described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.

BillJCo does not allege any egregious conduct. BillJCo's willfulness claim is limited to its assertion that Apple knew of the asserted patents (discussed in Section III.A.1., above). *See* Compl., ¶ 44. Because BillJCo fails to allege any egregious conduct, this is precisely the situation where willful infringement should *not* be found. "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo*, 136 S. Ct. at 1932; *see also Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-06566-EMC, 2020 WL 1478352, at *3 (N.D. Cal. Mar. 26, 2020) (dismissing willful infringement

claim where defendant "allege[d] no particular facts establishing egregious conduct"). Accordingly, because BillJCo's willfulness allegations are wholly inadequate, BillJCo has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Moreover, when an accused infringer learns of the patent post-suit, and then merely continues to manufacture allegedly infringing products, that is "the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim based on failure to articulate an allegation of egregiousness). This is precisely the situation here and BillJCo's willful infringement claims should be dismissed.

### B. The Asserted Patents Indirect Infringement Claim Should Be Dismissed

BillJCo's indirect infringement claim against the asserted patents fails for reasons similar to those discussed above. BillJCo fails to sufficiently allege that Apple had pre-suit knowledge of either the asserted patents or the alleged infringement of the asserted patents. In addition, BillJCo fails to plead facts plausibly supporting a conclusion that Apple had the required "specific intent" to induce infringement or engaged in the additional required elements to allege contributory infringement. Thus, BillJCo's indirect infringement allegations cannot stand.

#### 1. BillJCo's Pre-Suit Knowledge Allegations Fail to Plausibly State a Claim of Indirect Infringement

Claims for contributory and induced infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). "To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926). Similarly, "[t]o state a

claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (citing *Commil*, 135 S. Ct. at 1926).

As described above, Plaintiff's basis for alleging Defendant's knowledge of the asserted patents or knowledge of any purported infringement of the asserted patents is based on Apple's (1) alleged knowledge of the asserted patents through the prosecution of Apple's own patents and (2) a vague reference to an alleged letter BillJCo sent to Apple that BillJCo does not even identify all of the asserted patents or allege infringement thereof. But these two alleged facts are insufficient to constitute the required pre-suit knowledge of either the asserted patents or the alleged infringement of the asserted patents. In this regard, actual knowledge—not constructive knowledge—is required to state a plausible claim of indirect infringement. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 n.6 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global–Tech*, unless the patentee is claiming willful blindness.") (citation omitted). Here, at best, BillJCo pleads actual knowledge in conclusory fashion, which does not support a plausible indirect infringement claim.

### 2. BillJCo Also Fails to Plead Specific Intent to Cause Induced Infringement

"To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead

6

"facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction and Detoxification Inst.*, 620 F. App'x at 938.

The Complaint repeats the accused functionality of Apple's products based solely on citation to Apple developer documents without reciting any specific facts that can plausibly show the required specific intent to cause infringement:

> Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides, such as those located at: https://developer.apple.com/ibeacon/; https://developer.apple.com/ibeacon/Getting-Started-with-iBeacon.pdf[;] https://developer.apple.com/hardwaredrivers/BluetoothDesignGuidelines.pdf; https://developer.apple.com/library/content/documentation/UserExperience/Conceptual/LocationAwarenessPG/RegionalMonitoring/RegionalMonitoring.html.

Compl., ¶ 42. None of these assertions suggests that Apple specifically intended to cause a third party to infringe the asserted patents. Rather, these unsupported, limited assertions are the very type of general boilerplate statements courts have found insufficient to plead the specific intent required for inducing infringement. "Where defendants have not touted the benefits of the accused products in ways that track the asserted patents, courts generally do not infer specific intent." *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195 (D. Or. 2015). In this regard, the law against induced infringement is not intended to prohibit "ordinary acts incident to product distribution, such as offering customers technical support or product updates." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005); *see also Michigan Motor Techs. LLC*, 472 F.Supp.3d at 385-86. Accordingly, BillJCo's induced infringement claim must be dismissed because it fails to identify any post-knowledge actions that demonstrate specific intent to induce infringement.

BillJCo also fails to plead facts that evidence specific intent. Rather, the Complaint

includes a conclusory statement that "Apple actively induces infringement of at least one claim of the [asserted patents] by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the [asserted patents]. Apple aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities." Compl., ¶¶ 49, 58, 67, 76, 85, 94.  The Complaint does not identify any purported manuals or instruction materials that allegedly encourage infringement and instead references citations to manuals and online instruction materials purportedly available on Apple's website.  Such a conclusory, generalized allegation is insufficient.  *Ikorongo Texas LLC v. LG Elecs. Inc. et al.*, No. 6:20-cv-257-ADA (W.D. Tex.), Dkt. 78 (March 31, 2021) (dismissing indirect infringement claims when plaintiff alleged "[defendant] provid[es] instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the Asserted Patents, including those found at www.LG.com and in product literature."); *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.,* No. W:13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) ("Plaintiff[']s generalized allegation that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are likewise insufficient.").

Further, the Complaint does not identify *how* those manuals and instructions allegedly encourage infringement.  To find inducement based on "advertising an infringing use or instructing how to engage in an infringing use, . . . [those] instructions need to evidence intent to *encourage* infringement.  The question is not just whether instructions describ[e] the infringing mode, but whether the instructions teach an infringing use of the device *such that* we are willing to infer from those instructions an affirmative intent to infringe the patent."  *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015) (internal citations and quotation

8

marks omitted). "Merely describ[ing] an infringing mode is not the same as recommend[ing], encourag[ing], or promot[ing] an infringing use." *Id.*

The Complaint does nothing more than cite to Apple developer website documents and does not describe *how* the content of the alleged "user manuals and online instruction materials on their website" affirmatively recommend, encourage, or promote infringing use of the asserted claims. Instead, the inducement allegations are conclusory. Conclusory statements, absent factual support, are insufficient to survive a motion to dismiss. *Iron Oak Techs., LLC v. Acer Am. Corp. et al.*, 6:17-cv-00143, Dkt. 18 at 11 (W.D. Tex. Nov. 28, 2017) (granting motion to dismiss claims of induced infringement where "[t]he claims are more akin to 'naked assertions devoid of further factual enhancement' because Iron Oak does not explain in its Complaint how the Warranty contains specific facts regarding Acer's intent to induce infringement."). As such, Plaintiff's induced infringement claims should be dismissed.

### 3. BillJCo's Generic Allegations of Contributory Infringement are Deficient

Claims of contributory infringement must be "more than boilerplate recitations of the elements of . . . contributory infringement." *Blackberry Ltd. v. Nokia Corp.*, No. 17-cv-155-RGA, 2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018) (dismissing contributory infringement claims). A plaintiff must provide factual allegations that the accused product or component "has no substantial noninfringing uses." *Affinity Labs*, 2014 WL 2892285, at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). A "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-[in]fringing use" is "no more than a 'threadbare recital' of one of the elements." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims). To plead

contributory infringement, it is insufficient for Plaintiff to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims).

> Plaintiff's contributory infringement claim is merely a threadbare recital of elements:
>
> Apple is also liable for contributory infringement of at least one claim of the [asserted patents] by providing, and by having knowingly provided, *a material part of the instrumentalities*, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the [asserted patents]. The Accused Infringing Instrumentalities *have no substantial non-infringing uses*. Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit. For at least the reasons set forth above, Apple contributes to the infringement of the [asserted patents] pursuant to 35 U.S.C. §271(b).

Compl., ¶¶ 50, 59, 68, 77, 86, 95 (emphasis added). This assertion simply states the legal standard for contributory infringement and plainly fails *Iqbal*'s factual pleading standard. It resembles the hypothetical contributory infringement claim explicitly rejected in *In re Bill of Lading*. *Compare id.* (Apple's products "have no substantial noninfringing uses"), with 681 F.3d at 1338 ("if you use this device to perform the patented method, the device will infringe and has no noninfringing uses"). Like the "boilerplate" contributory infringement claims in *Blackberry*, BillJCo's boilerplate contributory infringement claims should be dismissed. 2018 WL 1401330, at *4.

## IV.   CONCLUSION

For the foregoing reasons, BillJCo's claims of willful and indirect infringement as to the asserted patents should be dismissed.

Dated: August 2, 2021                                Respectfully submitted,

                                                                    */s/ John M. Guaragna*

        John M. Guaragna
        Texas Bar No 24043308
        DLA PIPER LLP (US)
        401 Congress Avenue, Suite 2500
        Austin, TX  78701-3799
        Tel: 512.457.7125
        Fax: 512.457.7001
        john.guaragna@dlapiper.com

        ATTORNEY FOR APPLE INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 2nd day of August 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                                */s/  John M. Guaragna*
                                                John M. Guaragna