**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| BILLJCO, LLC, | |
| Plaintiff, | |
| | Case No. 6:21-cv-528-ADA |
| v. | |
| | **JURY TRIAL DEMANDED** |
| APPLE INC. | |
| Defendant. | |

**APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   FACTS .............................................................................................................2

    A.   Plaintiff BillJCo ......................................................................................2

    B.   Defendant Apple .....................................................................................2

III.  LEGAL STANDARD .......................................................................................3

IV.   THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE
     CONVENIENT VENUE FOR THIS CASE. ...................................................5

    A.   This Case Could Have Been Brought In NDCA. .....................................5

    B.   The Private Interest Factors Favor Transfer to NDCA. ............................5

        1.   The Relative Ease Of Access To Sources Of Proof Strongly Favors
           Transfer. ....................................................................................5

        2.   The Availability Of Compulsory Process Is, At Worst, Neutral. .......8

        3.   The Attendance Of Willing Witnesses Strongly Favors Transfer. ......8

        4.   The "All Other Practical Problems" Factor Is Neutral Or Favors
           Transfer. ..................................................................................11

    C.   The Public Interest Factors Favor Transfer To NDCA. ..........................12

        1.   The Administrative Difficulties Flowing From Court Congestion
           Factor Favors Transfer To NDCA. ..............................................12

        2.   The Local Interest Factor Strongly Favors Transfer To NDCA. .......13

        3.   Familiarity With The Governing Law And Conflicts Of Law Are
           Neutral Factors. ........................................................................14

V.    CONCLUSION ...............................................................................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10Tales, Inc. v. TikTok, Inc.*,
No. 6:20-CV-00810-ADA, Dkt. No. 88 (W.D. Tex. May 21, 2021)..........................1, 7, 8, 14

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)......................................................................................9

*In re Adobe Inc.*,
823 Fed.Appx. 929 (Fed. Cir. 2020)............................................................................13

*Aguilar-Ayala v. Ruiz*,
973 F.2d 411 (5th Cir. 1992).........................................................................................8

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)................................................................................5, 12

*In re: Apple Inc.*,
No. 2020-127, 2020 WL 3249953 (Fed. Cir. 2020) ...................................................4, 8

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ............................................................................4, 10

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) ............................4, 9

*CloudofChange, LLC v. NCR Corp.*,
No. 6:19-cv-00513, 2020 WL 6439178 (W.D. Tex. Mar. 17, 2020)................................5

*Collaborative Agreements, LLC. v. Adobe Sys. Inc.*,
No. 1-14-CV-356, 2015 WL10818739 (W.D. Tex. Aug. 21, 2015) ................................6

*Datascape, Ltd. v. Dell Techs., Inc.*,
No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ...................10, 13

*Flexiworld Techs., Inc. v. Amazon.com, Inc. et al.*,
No. 6:20-cv-00553-ADA, Dkt. No. 101 (W.D. Tex. Aug. 2, 2021)............................. *passim*

*Gemalto S.A. v. CPI Card Grp. Inc.*,
No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) .................................8

*In re Genentech, Inc.*
566 F.3d 1338 (Fed. Cir. 2009)................................................................................ *passim*

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*In re Google Inc.*,
No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .....................................................9

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)...........................................................................................8, 13

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ............................................5, 10

*InfoGation Corp. v. Google LLC*,
No. 6:20-CV-00366-ADA, Dkt. No. 65 (W.D. Tex. April 29, 2021) ...........................1, 2, 10

*MasterObjects, Inc. v. Facebook, Inc.*,
No. 6:20-cv-00087-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021) ........................................10

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009)................................................................................................4

*Peak Completion Techs., Inc. v. I-TEC Well Solutions, LLC*,
No. A-13-cv-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013) ................................10

*Polaris Innovations Ltd. v. Dell, Inc.*,
No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ........................................6, 10

*Ret. Sys. ex rel. BP P.L.C. v. Hayward*,
508 F. App'x 293 (5th Cir. 2013) ............................................................................................6

*In re Samsung Elecs. Co., Ltd.*,
2 F.4th 1371 (Fed. Cir. 2021) ..........................................................................................11, 13

*In re Toyota Motor Corp.*,
747 F.3d 1338 (Fed. Cir. 2014)................................................................................................4

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)...................................................................................5, 10, 14

*In re Uber Techs.*,
852 Fed.Appx. 542 (Fed. Cir. 2021) ......................................................................................11

*Uniloc USA Inc. v. Box, Inc.*,
No. 1:17-CV-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018).........................6, 10, 11

*Via Vadis, LLC v. Netgear, Inc.*,
No. 14-cv-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015)............................................10

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*In re Volkswagen AG,*
371 F.3d 201 (5th Cir. 2004) ...........................................................................................4, 5, 9

*In re Volkswagen of Am., Inc.,*
545 F.3d 304 (5th Cir. 2008) ....................................................................................... *passim*

*XY, LLC v. Trans Ova Genetics, LC,*
No. 16-ca-00447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) .............................................6

**Statutes**

28 U.S.C. § 1400(b) .................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A), (B) ..............................................................................................8

## I.   INTRODUCTION

This is a patent case with no connection to this District.  Under a straightforward application of the *Volkswagen* factors, this case should be transferred to the Northern District of California because it is the clearly more convenient venue.

Indeed, all of the key factors favor transfer and none favor keeping this case in this District.  Notably:

- There are at least five key party witnesses in NDCA, and no potential witnesses who reside in the District;

- The plaintiff, BillJCo, LLC, has no known connection to this District;

- The key sources of proof are in NDCA, and none are in Texas;

- NDCA has a local interest in this case because Apple is based there, and the accused features were predominantly developed there; and

- This case is in its early stages with discovery stayed and the *Markman* hearing more than five months away.

This case falls squarely into the category of recent cases where the Court has granted transfer under 1404(a) based, in large part, on the location of relevant witnesses -- the most critical factor in the transfer analysis.  *See Flexiworld Techs., Inc. v. Amazon.com, Inc. et al.*, No. 6:20-cv-00553-ADA, Dkt. No. 101 (W.D. Tex. Aug. 2, 2021); *10Tales, Inc. v. TikTok, Inc.*, No. 6:20-CV-00810-ADA, Dkt. No. 88 (W.D. Tex. May 21, 2021); *InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, Dkt. No. 65 (W.D. Tex. April 29, 2021).  Here, as in *Flexiworld*, *10Tales*, and *InfoGation*, there are no likely witnesses in this District and many likely witnesses in the transferee district, here, the NDCA.  Because none of the other factors weigh against

transfer, the result here should be no different than in *Flexiworld*, *10Tales*, and *InfoGation* -- this case should be transferred to the NDCA.

## II.    FACTS

Plaintiff BillJCo, LLC ("BillJCo") filed suit on May 25, 2021, accusing a variety of Apple iPhones and iPads (the "accused products") of infringing U.S. Patent Nos. 8,566,839 (the '839 Patent); 8,639,267 (the '267 Patent); 8,761,804 (the '804 Patent); 9,088,868 (the '868 Patent); 10,292,011 (the '011 Patent); and 10,477,994 (the '994 Patent) (collectively the "asserted patents") based on BillJCo's assertion that the accused products "conform to and implement the iBeacon protocol and infringe the Patents-in-Suit."  Dkt. No. 1 ("Compl."), ¶¶ 36-37.  According to BillJCo, the asserted patents "relate to specific and particularized inventions for, and associated with, this beacon technology and the related protocols and specifications which facilitate and enable aspects of the beacon technology ecosystem including devices capable of implementing beacon standards and specifications, manufacturers of beacon transmitting devices, application developers, and beacon deployers."  *Id.*, ¶ 21.  BillJCo's complaint broadly accuses iOS products, such as iPhones and iPads, that allegedly "conform to and implement the iBeacon protocol" (the "accused feature").  *Id.*, ¶ 36.

### A.    Plaintiff BillJCo

Plaintiff BillJCo is Texas limited liability corporation headquartered in Flower Mound, Texas, and founded by Bill Johnson.  Compl., ¶ 4.  BillJCo does not have any known ties to this District.  BillJCo has one member, Mr. Bill Johnson, who is one of the two named inventors of the asserted patents and resides at the same location from which BillJCo operates.

### B.    Defendant Apple

Apple is a California corporation, employing more than 35,000 people who work in or around its headquarters in Cupertino.  *See* Declaration of Mark Rollins ("Rollins Decl."), ¶ 3.

Apple's management and primary research and development facilities are located in Cupertino. *Id.* Apple has teams of engineers who design, develop, and implement the accused features in the accused products. Rollins Decl. ¶¶ 3, 7-9. The vast majority of that work takes place at Apple's Cupertino headquarters. *Id.* Similarly, the relevant Apple employees involved in the marketing, licensing, and sales of the accused products work in or near Cupertino. *Id.*, ¶¶ 10-14.

Based on Apple's understanding of BillJCo's allegations, the following is a list of the U.S.-based Apple employees who are likely witnesses in this case, and the likely subject matter of their testimony. All of these people, and the majority of their relevant U.S.-based teams, are located in NDCA:

| **Name** | **Title** | **Relevance** |
|---|---|---|
| Jason Giles | Software Development Engineering Director | Knowledgeable about the research, design, and development of the accused features. Mr. Giles is located in NDCA. |
| Robert Mayor | Software Development Engineering Director | Knowledgeable about the research, design, and development of the accused features. Mr. Mayor is located in NDCA. |
| Wiley Hodges | Product Management Director | Knowledgeable about the marketing of the accused features and products. Mr. Hodges is located in NDCA. |
| Jeffrey Lasker | Principal Counsel | Knowledgeable about Apple's patent licensing and pre-suit communications between the parties. Mr. Lasker is located in NDCA. |
| Mark Rollins | Finance Manager | Knowledgeable about Apple's financial records and about financial data relating to sales of the accused products. Mr. Rollins is located in NDCA. |

Rollins Decl. ¶¶ 8, 9, 12-14.

## III.   LEGAL STANDARD

Under section 1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

312-13 (5th Cir. 2008) ("*Volkswagen II*").  Second, the movant must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district. *Volkswagen II* at 315.  As shown below, both are true here.

In evaluating convenience, the district court weighs both private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*.  The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*.  The transferee venue need only be "*clearly* more convenient," not "*far* more convenient," for transfer to be appropriate.  *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014).

The convenience of the witnesses is the most important factor in the transfer analysis.  *In re: Apple Inc.,* No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. 2020); *In re Genentech, Inc*. 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016).  Moreover, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also, e.g.*, *In re Toyota Motor Corp*., 747 F.3d 1338, 1341 (Fed. Cir. 2014); *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir.

2014); *Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d. 1315, 1322 (Fed. Cir. 2008); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018).[1]

## IV.  THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE FOR THIS CASE.

### A.  This Case Could Have Been Brought In NDCA.

As any patent suit may be brought in "the judicial district where the defendant resides," 28 U.S.C. § 1400(b), and Apple is headquartered in Cupertino, California, within NDCA (*see* Rollins Decl., ¶ 3), venue would be proper in NDCA.

### B.  The Private Interest Factors Favor Transfer to NDCA.

The private interest factors strongly favor transfer to NDCA because the overwhelming majority of the witnesses and evidence in this case are located there.

#### 1.  The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer.

When, as here, the bulk of relevant evidence is located in the requested transferee district, the ease of access to evidence factor strongly favors transfer.  "This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence . . . ."  *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020).  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotation marks omitted).  Despite advances in technology that simplify transfer of some electronic files, "precedent dictates the Court consider where sources of proof are physically located."  *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513, 2020 WL 6439178, at *3 n.2 (W.D. Tex. Mar. 17, 2020); *see Volkswagen II*,

---

[1] The plaintiff's choice of venue is not a distinct factor in the analysis.  *Volkswagen II*, 545 F.3d at 314-15.  Nor is the location of plaintiff's counsel.  *Volkswagen I*, 371 F.3d at 206.

545 F.3d at 316. "In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC,* No. 16-ca-00447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018).

In *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016), the defendant had an Austin office with 300 employees, including at least one Austin-based engineer with knowledge of the accused products. *Id.* at *3. Nevertheless, the Court found that the bulk of the evidence was in California, and that this factor thus weighed in favor of transfer. *Polaris Innovations*, 2016 WL 7077069, at *5; *see also Uniloc USA*, 2019 WL 2066121, at *2; *Collaborative Agreements, LLC. v. Adobe Sys. Inc.*, No. 1-14-CV-356, 2015 WL10818739, at *4 (W.D. Tex. Aug. 21, 2015). This Court recently reached a similar conclusion in *Flexiworld*. *Flexiworld*, No. 6:20-cv-00553-ADA, Dkt. No. 101 at 8-9.

Similarly, while Apple maintains offices in this District, the legally-mandated inquiry is where documents *relevant to this case* are located—and none of *those* are in Texas. Rollins Decl. ¶¶ 7-14; *City of New Orleans Emps.' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293, 297 (5th Cir. 2013) (affirming transfer to where "the relevant documents . . . could be found," despite presence of documents "of questionable relevance" in the transferor forum (quotations omitted)); *Volkswagen II*, 545 F.3d at 316 (analyzing only location of documents "relating to the accident" at issue). Apple's witnesses with knowledge potentially relevant to this case—software engineers, product managers, marketing, licensing, and finance personnel—have all confirmed that Apple's relevant documents are in California. Rollins Decl. ¶¶ 7-14.

Whatever Apple documents are located in this District are not relevant to the claims or defenses in this case. *Id.*

Specifically, the overwhelming majority of the research, design, and development of the accused features took place, and continues to take place, at Apple's Cupertino headquarters, with only a handful of team members located in other states. Rollins Decl., ¶¶ 7-9. The key Apple documents relating to the research, design, development, and operation of the accused features were generated primarily in NDCA. *Id.*, ¶ 7; *Flexiworld*, No. 6:20-cv-00553-ADA, Dkt. No. 101 at 9; *TikTok*, No. 6:20-CV-00810-ADA, Dkt. No. 88 at 4-5. The relevant source code associated with the accused features was developed and tested in NDCA, and access to that source code is controlled on a need-to-know basis, accessible by Apple employees working on the accused features in NDCA. Rollins Decl., ¶ 7. In addition, Apple's documents concerning the marketing, sales and financial information for the accused products are all located in or around Cupertino, California. *Id.*, ¶¶ 10, 12, 14. The same is true of Apple's licensing documents. *Id.*, ¶¶ 10, 13. As such, the overwhelming majority of the sources of proof regarding the accused features and the accused products are in NDCA.

Further, the Bluetooth Special Interest Group ("Bluetooth SIG"), the standards organization that oversees the development of Bluetooth standards and the licensing of the Bluetooth technologies, is located in Kirkland, Washington. Huang Decl., Ex. 1. Apple expects that Bluetooth SIG will be a potential witness with relevant documents given that BillJCo claims the technology at issue in this case is "Bluetooth Low Energy ("BLE") beacon technology." Compl., ¶ 3. Because the Bluetooth SIG is located only in Washington, Apple expects that its documentary evidence will also be found in Washington. Conversely, there are no unique, relevant sources of proof in this District.

## 2.   The Availability Of Compulsory Process Is, At Worst, Neutral.

The availability of compulsory process factor favors transfer because Apple is not aware of any third-party witnesses who would be within the subpoena power of this District.  *See Genentech*, 566 F.3d at 1345 (compulsory-process factor "weighs in favor of transfer" where "no witness [] can be compelled to appear in the Eastern District of Texas"); *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (transfer favored when transferee forum has absolute subpoena power over a greater number of third-party witnesses).  A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A), (B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015).  The ability to compel live trial testimony is crucial for evaluating a witnesses' testimony.  *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

Apple is not currently aware of any third-party witnesses who would be within this District's subpoena power.  The Bluetooth SIG, the standards organization that oversees the development of Bluetooth standards and the licensing of the Bluetooth technologies, is located in Kirkland, Washington, which is a significant distance from this District.  Huang Decl., Ex. 1.

This factor is, at worst, neutral.  *See, e.g.*, *TikTok*, No. 6:20-CV-00810-ADA, Dkt. No. 88 at 6 (finding that "neither party has successfully identified a single non-party witness in this District for which this Court's subpoena power would be necessary").

## 3.   The Attendance Of Willing Witnesses Strongly Favors Transfer.

The single most important factor in the transfer analysis is the convenience of willing witnesses, and that factor strongly favors transfer here.  *See Apple Inc.*, 2020 WL 3249953, at *2;

*In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017); *Genentech*, 566 F.3d at 1342; *Auto-Dril*, 2016 WL 6909479 at *7.

Apple's investigation has revealed at least five likely Apple witnesses who are based in NDCA, and none in WDTX.  *See* Rollins Decl., ¶¶ 8, 9, 12-14.  Given that the accused products were developed primarily at Apple's Cupertino headquarters, the likely witnesses who will testify about the accused features are located in NDCA.  *Id.*  The same is true of Apple's likely witnesses knowledgeable about the marketing, sales and financial information for the accused products, as well as the likely witness on Apple's licensing function.  *Id.* ¶¶ 12, 14.  These witnesses are all a short car ride from the courthouses in NDCA (*e.g.*, 15 minutes from San Jose), but more than 1,500 miles and a lengthy plane ride from Waco, Texas.  Huang Decl., Exs. 2, 3.  Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

If this case remains in this District, the Apple witnesses would need to spend days away from home and work, as opposed to several hours if the trial takes place in NDCA.  This travel burden is not insignificant and often is cited as a key reason why transfer is warranted.  *See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community."); *Flexiworld*, Dkt. No. 101 at 14 (finding that for the cost of attendance factor, "the question is not whether a witness is *willing* to travel but whether it will be *convenient*") (emphasis in original).  This length of travel also imposes additional burdens beyond travel time, such as meal and lodging expenses. *Volkswagen I*, 371 F.3d at 204-05; *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (in requiring party employees to travel for trial, the parties would likely incur significant

9

expenses for airfare, meals, lodging, as well as losses in productivity from time spent away from work). For all of these reasons, it would be clearly more convenient for NDCA-based witnesses to attend trial in NDCA. *Volkswagen II*, 545 F.3d at 317 (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"); *see Apple*, 581 F. App'x at 889 (noting district court's failure to follow the 100-mile rule); *InfoGation*, No. 6:20-CV-00366-ADA, Dkt. No. 65 at 8 (finding this factor favors transfer where "[t]he majority of both party and non-party witnesses will be located either within the SDCA or in the state of California and the cost of attendance for these witnesses will be less if the case is tried in the SDCA than if it were tried in WDTX"); *TS Tech*, 551 F.3d at 1320 ("The district court's disregard of the 100-mile rule constitutes clear error.").

On the other hand, Apple is not aware of a single relevant witness in this District. BillJCo's apparent lone employee, inventor William Johnson, appears to reside in Flower Mound, Texas, in the EDTX. Where the vast majority of likely witnesses are in the transferee district and none are in the transferor district, this factor strongly favors transfer. *See MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-cv-00087-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021); *HP*, 2018 WL 4692486, at *3; *Genentech*, 566 F.3d at 1343; *Wet Sounds*, 2017 WL 4547916, at *3; *Via Vadis, LLC v. Netgear, Inc.*, No. 14-cv-809, 2015 WL 10818675, at *2 (W.D. Tex. July 30, 2015); *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019); *Uniloc USA*, 2019 WL 2066121, at *3; *see also Polaris Innovations*, 2016 WL 7077069, at *9.

To try to resist transfer, BillJCo likely will point to Apple's facilities in Austin. But although Apple has facilities in Austin, the relevant witnesses in this case are located in NDCA, not Austin. *See* Rollins Decl. ¶¶ 7-15; *see also Uniloc USA*, 2019 WL 2066121 at *3; *Peak*

*Completion Techs., Inc. v. I-TEC Well Solutions, LLC*, No. A-13-cv-086-LY, 2013 WL

12121002 at *3 (W.D. Tex. June 26, 2013) (presence of an office and personnel in the district

did not weigh against transfer because those individuals were not likely witnesses).

Indeed, Judge Yeakel reached this very conclusion in deciding that Apple cases should be

transferred to NDCA because the relevant Apple witnesses were located there, including a case

that related to the same iBeacon technology and accused products accused in this case. *See*

*Uniloc USA*, 2019 WL 2066121, at *3. Moreover, the Federal Circuit has expressly noted that

the convenience of party witnesses should be factored into the analysis. *See In re Samsung*

*Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (granting writ of mandamus and concluding

that the district court erred by giving "no weight to the presence of possible party witnesses in

Northern California despite this court holding that the district court must consider those

individuals," particularly where "likely witnesses are in Northern California and none in the

Western District of Texas"); *In re Uber Techs.*, 852 Fed.Appx. 542, 544 (Fed. Cir. 2021)

(granting writ of mandamus and concluding that "[t]he district court here relied on the same

improper grounds as in *Samsung* to diminish the clear convenience of the Northern District of

California."). Therefore, the most important factor in the transfer analysis strongly favors

transfer.

### 4. The "All Other Practical Problems" Factor Is Neutral Or Favors Transfer.

The final private interest factor, "all other practical problems that make trial of a case

easy, expeditious and inexpensive," is either neutral or favors transfer here. No court has

previously overseen a case regarding the asserted patents until BillJCo filed this case and two

other cases in the Eastern District of Texas, all on or about May 2021. BillJCo has filed two

lawsuits in the Eastern District of Texas on three of the six asserted patents, so it is already

litigating these patents in multiple districts.  Defendant Cisco Systems, Inc. is headquartered in NDCA and defendant Aruba Networks, Inc. is also headquartered in NDCA.  Huang Decl., Exs. 4, 5.  Indeed, because BillJCo has elected to spread its three lawsuits across two different judicial districts (all of which could have been filed in NDCA), it cannot be heard to complain about relocating this particular litigation to the clearly more convenient venue, NDCA.

### C.     The Public Interest Factors Favor Transfer To NDCA.

The public interest factors are all either neutral or favor transfer to NDCA.

#### 1.     The Administrative Difficulties Flowing From Court Congestion Factor Favors Transfer To NDCA.

The first public interest factor, the administrative difficulties flowing from court congestion, favors transfer to NDCA.  For starters, this Court's docket of active patent cases is much more congested than NDCA's current docket of patent cases.  As of the date of this motion, this Court has 887 pending patent cases, which are being presided over by a single judge.  Huang Decl., Ex. 6.  In contrast, as of the same date, NDCA reported 251 pending patent cases being presided over by 18 different judges.  *Id.*, Ex. 7.  Since January 1, 2021, 653 patent cases have been filed in this District, while only 116 patent cases have been filed in NDCA in that same timeframe.  *Id.*, Exs. 8, 9.  Patent cases filed before this Court have also increased exponentially since 2018.  *Id.*, Ex. 10.  Patent cases in NDCA also historically have a shorter time to dismissal than this District—a median of 172 days for NCDA versus 190 days in this District since 2009.  Huang Decl., Exs. 11, 12.  All of these data points support the conclusion that the WDTX is more congested than the NDCA.

BillJCo may point to this Court's practice of setting an early trial date as a factor favoring transfer.  But the Federal Circuit has stated repeatedly that a fast-paced prospective schedule should not be assigned significant weight in the transfer analysis.  *See, e.g. In re Apple Inc.*, 979

F.3d 1332, 1344 (Fed. Cir. 2020) ("The district court misapplied the law to the facts of this case by relying too heavily on the scheduled trial date.  We have previously explained that a court's general ability to set a fast-paced schedule is not particularly relevant to this factor."); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380-81 (Fed. Cir. 2021) ("[W]e cannot say that the prospective speed with which this case might be brought to trial is of particular significance in these cases."); *In re Adobe Inc.*, 823 Fed.Appx. 929, 932 (Fed. Cir. 2020) ("The [court congestion] factor concerns whether there is an appreciable difference in docket congestion between the two forums. . . .Nothing about the court's general ability to set a schedule directly speaks to that issue.").

### 2.    The Local Interest Factor Strongly Favors Transfer To NDCA.

The local interest factor also strongly favors transfer to NDCA.  The NDCA has a strong local interest in this case because: (1) Apple's work on the research, design, development, and operation of the accused features primarily takes place there; (2) Apple's headquarters are located there; and (3) all of Apple's likely witnesses are based there.  *See Wet Sounds*, 2017 WL 4547916, at *4.  In contrast, BillJCo does not appear to have any connection to this District other than filing this lawsuit here.

Although Apple does have a presence in Austin, no likely witnesses reside there.  Rollins Decl., ¶¶ 8-14.  In similar situations, this Court and others have favored transfer to the court with interests more closely connected with the issues to be tried.  *See Datascape*, 2019 WL 4254069, at *3.  Where, as here, the accused features were "developed and tested" predominantly in NDCA, and because this suit "calls into question the work and reputation of several individuals residing" in that district, NDCA's interest in this matter is "self-evident."  *In re Hoffman-La Roche, Inc.* 587 F.3d 1333, 1336 (Fed. Cir. 2009); *DataQuill*, 2014 WL 2722201, at *4 (local interest favored transfer notwithstanding Apple's Austin presence because "this case is about

Apple's actions in designing and developing the iPhone and some of its software products, all of which happened in Cupertino"); *TikTok*, No. 6:20-CV-00810-ADA, Dkt. No. 88 at 10 (finding particularly relevant to this analysis is the location of where "the accused products were designed, developed, and tested.").

Applied here, this analysis leads to the conclusion that NDCA has a far stronger local interest than this District. Notably, Apple's corporate headquarters and the vast majority of its workforce are in NDCA—where the company was founded and where the likely Apple witnesses for this case are located. Also, the majority of the research, design, and development of the accused features took place, and continues to take place, in NDCA. Rollins Decl., ¶¶ 7-9. This factor therefore strongly favors transfer.

### 3. Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors.

The last two public interest factors are neutral—there are no perceived conflicts of law, and both districts are equally qualified to apply patent law. *TS Tech.*, 551 F.3d at 1320-21.

## V. CONCLUSION

For all of the reasons set forth above, Apple respectfully requests that the Court transfer this case to NDCA because it is the clearly more convenient venue.

Dated:  September 10, 2021                Respectfully submitted,

                                          /s/ John M. Guaragna
                                          John M. Guaragna
                                          Texas Bar No 24043308
                                          **DLA PIPER LLP (US)**
                                          401 Congress Avenue, Suite 2500
                                          Austin, TX  78701-3799
                                          Tel: 512.457.7125
                                          Fax: 512.457.7001
                                          john.guaragna@dlapiper.com

                                          Mark D. Fowler (admitted *pro hac vice*)
                                          mark.fowler@us.dlapiper.com
                                          Erik R. Fuehrer (admitted *pro hac vice*)
                                          erik.fuehrer@us.dlapiper.com
                                          Jonathan H. Hicks (admitted *pro hac vice*)
                                          jonathan.hicks@us.dlapiper.com
                                          DLA PIPER LLP (US)
                                          2000 University Avenue
                                          East Palo Alto, CA  94393-2250
                                          Tel.:  650.833.2000
                                          Fax:  650.833.2001

                                          Catherine Huang (admitted *pro hac vice*)
                                          catherine.huang@us.dlapiper.com
                                          DLA PIPER LLP (US)
                                          401 B Street, Suite 1700
                                          San Diego, CA  92101
                                          Tel.:  619.699.2700
                                          Fax:  619.699.2701

                                          Larissa W. Bifano (admitted *pro hac vice*)
                                          larissa.bifano@us.dlapiper.com
                                          DLA PIPER LLP (US)
                                          33 Arch Street, 26th Floor
                                          Boston, MA  02110-1447
                                          Tel.:  617.406.6000
                                          Fax:  617.406.6100

                                          ***ATTORNEYS FOR DEFENDANT APPLE INC.***

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for BillJCo in a good-faith effort to resolve the matter presented herein.  Counsel for BillJCo opposes the instant Motion.

<u>   <i>/s/ John M. Guaragna</i>         </u>

John M. Guaragna

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed electronically on September 10, 2021, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service via electronic mail.  Any other counsel of record will be served by first class U.S. mail on this same date.

<u><i>/s/ John M. Guaragna</i>       </u>

John M. Guaragna

16