IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **BILLJCO, LLC,**<br>      Plaintiff,<br><br>      *v.*<br><br>**APPLE INC.,**<br>      Defendant. | 6:21-cv-00528-ADA |

**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S CLAIMS OF WILLFUL
INFRINGEMENT AS TO EACH PATENTS-IN-SUIT AND PLAINTIFF'S CLAIMS
OF INDIRECT INFRINGEMENT AS TO EACH PATENTS-IN-SUIT [ECF No. 16]**

Came on for consideration this date is Defendant Apple's Motion to Dismiss Plaintiff's Claims of Willful Infringement as to Each Patent-in-Suit and Plaintiff's Claims of Indirect Infringement as to Each Patent-in-Suit, filed August 2, 2021. ECF No. 16 (the "Motion"). Plaintiff BillJCo responded on August 16, 2021, ECF No. 23, to which Apple replied on August 23, 2021, ECF No. 24. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's Motion to Dismiss.

**I. BACKGROUND**

On May 25, 2021, BillJCo filed suit against Apple, accusing it of infringing six patents (the "Asserted Patents") directed to Bluetooth Low Energy ("BLE") beacon technology. *See* ECF No. 1 (the "Complaint"). The Complaint identifies Apple devices allegedly infringing the Asserted Patents by operating in compliance with BLE implementing iOS7 and higher. ECF No. 1 ¶ 36. BillJCo is alleging that Apple at least directly infringes, induces infringement, contributorily infringes, and willfully infringes. *See id.* Apple moves to dismiss the last three counts under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. That Motion is now ripe for judgment.

1

## II. LEGAL STANDARD

### A. Pleading Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### B. Willful Infringement

Section 284 of the Patent Act provides that a court may increase damages for patent infringement "up to three times the amount found or assessed." 35 U.S.C. § 284. A party seeking

such "enhanced damages" must show that an infringer's conduct has been "willful," or "wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Enhanced damages should "generally be reserved for egregious cases typified by willful misconduct." *Id.* at 106.

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

C. **Induced Infringement**

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed on such a claim, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Willful blindness can satisfy the knowledge requirement, *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016), and circumstantial evidence may suffice to prove specific intent, *MEMC*, 420 F.3d at 1378.

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017) (quoting *In re Bill of Lading*

*Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 U.S. Dist. LEXIS 74262, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336.

### D.  Contributory Infringement

Section 271(c) of the Patent Act provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is "not itself technically covered by the claims of a product or process patent." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). Unlike induced infringement, contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). But "[l]ike induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

To state a claim for contributory infringement, "a plaintiff must plausibly allege that the accused infringer knew of the asserted patents . . . and must 'plead facts that allow an inference

4

that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil*, 575 U.S. at 639; and then quoting *In re Bill of Lading*, 681 F.3d at 1337).

### III. ANALYSIS

### A.     BillJCo Has Not Sufficiently Pleaded Pre-Suit Willful Infringement

To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity*, 2019 WL 3940952, at *3. Apple challenges BillJCo's compliance with the first and third elements in the pre-suit context, succeeding to varying degrees.

1. Knowledge of the Patents

The Complaint recites two allegations to establish Apple's pre-suit knowledge; Apple challenges the sufficiency of both. ECF No. 16 at 2. First, the Complaint alleges that Apple should have already learned of the Asserted Patents because the USPTO cited them during prosecution of an Apple patent application, U.S. Patent Application No. 13/373,966. *See* ECF No. 16 at 2. Apple asserts that "citation of [a] patent in a patent application is an insufficient notice of infringement and would not allow Apple to have knowledge of a specific infringement claim." *Id.* at 2–3 (citing *U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1375 (Fed. Cir. 2007)). Second, the Complaint alleges that Apple has been aware of its infringement of the Asserted Patents since it received a letter from BillJCo on June 5, 2019 (the "June 2019 Letter"). *See* ECF No. 16 at 3. Apple argues that this is inaccurate on its face because one of the Asserted Patents, U.S. Patent No. 10,477,994 (the "'994 patent"), did not issue until November 19, 2019. ECF No. 16 at 3–4.

BillJCo adequately alleges Apple's pre-suit knowledge of all the patents but the '994 patent. The Complaint alleges that Apple learned of the Asserted Patents by June 5, 2019, upon

Apple "receiving a letter from BillJCo regarding the Patents-in-Suit. Since obtaining knowledge of its infringing activities, Apple has failed to cease its infringing activities." ECF No. 1 ¶ 38. Apple's Motion does not deny the existence of the June 2019 Letter but notes how the Letter could not have referenced the '994 patent, which the USPTO had not yet issued. BillJCo met this argument with silence. While this Court construes a complaint in the light most favorable to plaintiff, accepting all well-pleaded facts as true, it does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The Complaint establishes that the '994 patent issued in November 2019, *see* ECF No. 1-10 (the '994 patent), so BillJCo's allegation that the June 2019 Letter referenced that patent is conclusory and accorded no weight. The Court nevertheless finds the same allegation as to the other Asserted Patents sufficient to plead Apple's pre-suit knowledge of those patents.

This finding is bolstered in part by BillJCo's allegations that "many of the Patents-in-Suit, as well as other[] patents in the Patent Portfolio" were cited during prosecution of Apple's own patents. ECF No. 1 ¶ 39. Specifically, the Complaint states that the USPTO cited the '267 patent during prosecution of one of Apple's patent applications, well before BillJCo sent the June 2019 Letter. *Id.* This supports the inference that Apple knew of the '267 patent before the Complaint. The Court will not, however, establish a rule that notice of one patent in a portfolio or large family constitutes constructive notice of every patent in that portfolio or family. *See Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (citing *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 608 (D. Mass. 2018) (collecting cases)). BillJCo's allegations are too conclusory to adequately plead Apple's pre-suit notice of at least the '994 patent.

For the foregoing reasons, BillJCo has adequately alleged that Apple learned of the Asserted Patents (excepting the '994 patent) before BillJCo filed its Complaint. Apple does not challenge the Complaint's allegations that it continued its accused conduct even after learning of the Asserted Patents (excepting the '994 patent). ECF No. 1 ¶ 44. The Court is therefore satisfied that BillJCo sufficiently alleges the first two *Parity* factors for all Asserted Patents but the '994 patent.

   2. Knowledge of Infringement

Allegations regarding the June 2019 Letter do not satisfy the third *Parity* element in the pre-suit context. Apple asserts that the Complaint recites no factual allegations showing that Apple "knew, or should have known, that its conduct amount to infringement of the patent." ECF No. 16 at 2–3. In response, BillJCo cites its Complaint as stating that "BillJCo sent Apple a letter on June 5, 2019 regarding the Patents-in-Suit." ECF No. 23 at 3 (citing ECF No. 1 ¶ 38). BillJCo argues that, in other cases, "this Court found that the question of whether a notice letter was sufficient to put a defendant on notice of infringement is a 'proof' issue that cannot be resolved at the pleading stage." ECF No. 23 at 5 (first citing *Parity*, 2019 WL 3940952, at *3; and then citing *FHE USA LLC v. Lee Specialties Inc.*, No. 5:18-CV-715-OLG, 2018 WL 11347193, at *3 (W.D. Tex. Nov. 27, 2018)).

Yet the opinions upon which BillJCo relies were drafted in view of the relevant notice letters; that is not true here. As Apple notes, this Court's review of the letters-at-issue influenced the *Parity* decision. *Parity*, 2019 WL 3940952, at *3 ("The Court has reviewed this correspondence."). Likewise, in *FHE*, the Court had the relevant notice letter before it. *See* Exhibit E to Motion to Dismiss, *FHE USA LLC v. Lee Specialties Inc.*, No. 5:18-CV-715-OLG, ECF No. 13-1 (W.D. Tex. July 25, 2018). The *FHE* court then concluded that the letter notified the defendant of the asserted patent and "the potential for infringement by" a specific accused product.

7

*FHE*, 2018 WL 11347193, at *3. Here, the Court cannot draw the same conclusion because it is not privy to the June 2019 letter or its contents—and it unclear why. BillJCo explains that Apple has sued other patent plaintiffs disclosing such a letter. ECF No. 23 at 5 n.1 (citing *Apple, Inc. v. Koss Corporation*, No. 20-cv-5504 (N.D. Cal. 2020)). Apple notes in reply that BillJCo "did not even attempt to seek Apple's position on whether the letter is confidential." ECF No. 24 at 2 n.1. If BillJCo feared the consequences of revealing confidential information, this Court has standing orders that provide that such information may be filed under seal.

      Nonetheless, BillJCo reveals almost nothing about the nature and contents of the June 2019 Letter. The *Välinge* opinion—from which this Court cribbed *Parity*'s three-elements framework—recognized that the plausibility of allegations regarding an accused infringer's knowledge of infringement "will necessarily require an assessment of the totality of the patentee's allegations . . . as a sufficiently plausible showing could come in many different forms." *Välinge*, 2018 WL 2411218, at *13. But the totality of BillJCo's pleadings on the issue are reed-thin, amounting only to allegations that the USPTO and BillJCo notified Apple of at least some of the Asserted Patents. Mere knowledge of the Asserted Patents is not enough. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (holding that knowledge of a patent and knowledge of infringement are "distinct elements"). The Complaint does not allege that BillJCo's June 2019 Letter notified Apple that it infringed the Asserted Patents or identified Apple products accused of infringement here. *Cf. Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 492 (D. Del. 2021) (finding insufficient a letter that did not identify most of the accused products or how the defendant allegedly infringed), *R&R adopted*, 530 F. Supp. 3d 468, 477 (D. Del. 2021); *Teradyne, Inc. v. Astronics Test Systems, Inc.*, 2020 WL 8173024, *3–*5 (C.D. Cal. 2020) (finding insufficient a

letter that did not identify any specific product that plaintiff contended infringed the asserted patent). Without more information about the June 2019 Letter, the Court cannot find that BillJCo sufficiently pleaded pre-suit willful infringement.

### B. BillJCo Has Not Sufficiently Pleaded Pre-Suit Indirect Infringement

Like a willful infringement claim, indirect infringement claims require a showing that the accused infringer knew of its infringement. *See Commil*, 575 U.S. at 639 ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). BillJCo's pre-suit indirect infringement claims therefore fail for the same reasons its pre-suit willful infringement claims fail.[1]

### C. BillJCo Has Sufficiently Pleaded Post-Suit Willful Infringement

Apple also argues that BillJCo insufficiently pleads post-suit willful infringement. ECF *See* No. 16 at 5. This Court disagrees.[2] *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-

---

[1] BillJCo's pre-suit contributory infringement claims fail for yet other reasons outlined in the post-suit context. *See* Section III.E, *infra*.

[2] This Court is not alone in holding that post-filing conduct can support a willfulness claim. *See, e.g.*, *BillJCo, LLC v. Cisco Sys. Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529 (E.D. Tex. Nov. 30, 2021); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, No. 220CV00827DBBJCB, 2021 WL 4324508, at *14 (D. Utah Sept. 23, 2021); *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, No. CV 20-1646-RGA-JLH, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021); *Team Worldwide Corp. v. Acad., Ltd.*, No. 219CV00092JRGRSP, 2021 WL 1897620, at *6 (E.D. Tex. May 3, 2021), *order clarified*, 2021 WL 1854302 (E.D. Tex. May 10, 2021), *R&R adopted*, 2021 WL 1985688 (E.D. Tex. May 18, 2021); *KIPB LLC v. Samsung Elecs. Co.*, No. 219CV00056JRGRSP, 2020 WL 1500062, at *5 (E.D. Tex. Mar. 9, 2020), *R&R adopted*, No. 2:19-CV-56-JRG-RSP, 2020 WL 1495725 (E.D. Tex. Mar. 27, 2020); *AMG Prods., Inc. v. Dirt Cheap, LLC*, No. 6:18-CV-00267-JDK, 2019 U.S. Dist. LEXIS 63370, at *12 (E.D. Tex. Mar. 12, 2019); *Preferential Networks IP, LLC v. AT&T Mobility, LLC*, No. 2:16-cv-01374-JRG-RSP, 2017 U.S. Dist. LEXIS 140979, at *10 (E.D. Tex. July 15, 2017), *R&R adopted*, No. 2:16-cv-01374-JRG-RSP, 2017 U.S. Dist. LEXIS 140516 (E.D. Tex. Aug. 31, 2017); *T-Rex Prop. AB v. Regal Ent. Group*, No. 16-927, 2017 WL 4229372 (E.D. Tex. Aug 31. 2017); *Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc.*, 2016 U.S. Dist. LEXIS 124144, at *25 (E.D. Tex. Aug. 19, 2016); *Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013).

00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021). Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim.[3] BillJCo's Complaint complies with that standard. *See* ECF No. 1 ¶ 44 (alleging that "since at least the filing of this action, Apple has been aware of the unjustifiably high risk that its actions constituted and continue to constitute infringement of the Patents-in- Suit, and that the Patents-in-Suit are valid").

The Court finds this approach consonant with *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017), in which the Federal Circuit reversed a district court order precluding a plaintiff from asserting willful infringement based "exclusively on post-suit willfulness conduct." *Id.* The lower court's order relied on the Federal Circuit's pre-*Halo* practice of precluding post-suit willfulness if the plaintiff did not first seek a preliminary injunction. *See id.* (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007)). This is the "*Seagate* rule." The *Mentor Graphics* Court deemed that rule outdated, citing *Halo*'s ruling that "rigid formula[s] for awarding enhanced damages" are disfavored. *Id.* at 1296 (quoting *Halo*, 579 U.S. at 106). In this Court's judgment, *Mentor Graphics* overruled the *Seagate* rule and thereby implicitly endorsed the theory that a plaintiff may found its willful infringement claim "exclusively on post-suit . . . conduct." *See, e.g.*, *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220-MLH (KSx), 2020 U.S. Dist. LEXIS 5642, at *55 (C.D. Cal. Jan. 13, 2020); *Ioengine, LLC v. Paypal*

---

[3] This ruling departs from *Välinge*—the opinion from which this Court borrowed *Parity*'s three-element framework. While the *Välinge* opinion held that only pre-filing conduct can support a willfulness claim, *see Välinge*, 2018 WL 2411218, at *12, this Court finds *Välinge*'s three-element structure no less effective applied to allegations of post-filing conduct.

*Holdings, Inc.*, Civil Action No. 18-452-WCB, 2019 U.S. Dist. LEXIS 12195, at *22 n.4 (D. Del. Jan. 25, 2019) (Bryson, J., sitting by designation).[4]

Apple inveighs against this approach, arguing that post-suit willful conduct alone cannot be "egregious." The Motion asserts that a plaintiff cannot sufficiently plead willful infringement without also adequately alleging that the accused infringer's conduct has been "egregious." ECF No. 16 at 4 (quoting *Halo*, 579 U.S. at 103–04). And Apple seemingly reasons that "when an accused infringer learns of the patent post-suit, and then merely continues to manufacture allegedly infringing products," that is not sufficiently egregious. *Id.* at 5 (first quoting *M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018); and then citing *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018)).

This Court will follow *Välinge* in refusing to impose an egregiousness pleading requirement. *See Välinge*, 2018 WL 2411218, at *6–*7; *see also Core Optical Techs., LLC v. Juniper Networks Inc.*, No. 21-CV-02428-VC, 2021 WL 4618011, at *3 (N.D. Cal. Oct. 7, 2021) (interpreting *Eko Brands* to suggest that plaintiffs need not plead egregiousness) (citing *Eko*

---

[4] Some courts are content with allegations that an original complaint provides notice, but only if those allegations are recited in an amended complaint. *See, e.g.*, *Merrill Mfg. Co. v. Simmons Mfg. Co.*, No. 1:20-CV-3941-MLB, 2021 WL 3493565, at *6 (N.D. Ga. Aug. 9, 2021) ("Obviously an allegation of willful infringement in an initial complaint cannot depend solely on post-suit conduct because the accused infringer does not have the requisite 'culpability' or offending 'knowledge' at the time of the filing. . . . But Plaintiff has filed an Amended Complaint to allege post-filing, willful infringement."); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) (adopting the same approach); *see also NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018) (finding it procedurally improper for post-suit willfulness to be based on notice in original complaint); *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) (same). This approach exalts form over substances and this Court rejects it. *See Ioengine, LLC v. Paypal Holdings, Inc.*, Civil Action No. 18-452-WCB, 2019 U.S. Dist. LEXIS 12195, at *12 n.1 (D. Del. Jan. 25, 2019) (Bryson, J., sitting by designation).

*Brands LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367 (Fed. Cir. 2020)); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, No. 220CV00827DBBJCB, 2021 WL 4324508, at *14 (D. Utah Sept. 23, 2021) (same). Accordingly, BillJCo sufficiently pleads post-suit willful infringement.

        **D.**     **BillJCo Has Sufficiently Pleaded Post-Suit Induced Infringement**

To state a claim for induced infringement, a complaint must plead facts plausibly showing that the accused infringer specifically intended that another party infringe and knew that the other party's acts constituted infringement. *See Lifetime Indus.*, 869 F.3d at 1376–77. Apple argues that "[p]re-suit knowledge of the asserted patents is a requirement of an indirect infringement claim." ECF No. 24 at 4. This Court rejects this proposition in the induced infringement context as it did elsewhere. *See* Section III.C, *supra*; *see also Billjco*, 2021 U.S. Dist. LEXIS 251455, at *18 (collecting cases in support of post-suit induced infringement based on knowledge from the complaint).

Apple also argues that the Complaint does not plead facts plausibly showing Apple's specific intent to encourage another party's direct infringement. ECF No. 16 at 6–9. The Complaint alleges that:

> Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides . . . .

ECF No. 1 ¶ 42. It then offers exemplary guides from "Apple Developer," the website Apple maintains to help developers develop software for use on Apple's operating platforms (like iOS). *Id.* According to Apple, "these unsupported, limited assertions are the very type of general boilerplate statements courts have found insufficient to plead the specific intent required for

12

inducing infringement." ECF No. 16 at 6. Apple criticizes the Complaint for failing to "identify *how* those manuals and instructions allegedly encourage infringement." *Id.* at 8.

In opposition, BillJCo frames its Complaint as alleging that Apple continues to knowingly and actively induce infringement of the Asserted Patents by "aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, developers, and third-party manufacturers to use its Accused Infringing Instrumentalities." ECF No. 23 at 9 (citing ECF No. 1 ¶¶ 41–42, 49, 58, 67, 76, 85, 94). BillJCo also claims that infringement charts appended to the Complaint are "replete with citations to Apple's own presentation to app developer at Apple's 2013 Worldwide Developers Conference (WWDC) on how to develop apps to utilize beacon messages in accordance with its iBeacon standard." *Id.* (citing ECF Nos. 1-12 to 1-17).

The Court has reviewed the claim charts attached to BillJCo's Complaint; these are not "conclusory, generalized allegation[s]." ECF No. 16. BillJCo's charts map limitations to, in most instances, instructions from Apple-authored documentation pulled from Apple Developer. The charts also specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference. This documentation is doing more than merely "offering customers technical support or product updates." ECF No. 16 at 7 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005)). BillJCo's claim charts are more than enough to support the allegations Apple derides as "conclusory." The Complaint has thus adequately alleged Apple's specific intent to encourage third-party developers to infringe the asserted patents. *See Ioengine*, 2019 U.S. Dist. LEXIS 12195, at *15 (finding specific intent satisfied where the plaintiff alleged that the defendant "provides software development kits that instruct and encourage the use of the

infringing products, instructional support on its website, information and technical support on third-party platforms, and video instruction").

Apple challenges this conclusion, criticizing the Complaint for not identifying how the cited instructions "allegedly encourage infringement." ECF No. 16 at 8.[5] It argues that "[t]he question is not just whether instructions describe[e] the infringing mode, but whether the instructions teach an infringing use of the device *such that* we are willing to infer from those instructions an affirmative intent to infringe the patent." ECF No. 16 at 8 (citing *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015)). The Court is not convinced that the cited Apple documentation does not outright encourage developers to develop infringing software. Putting that aside, Apple does not articulate *why* it is unreasonable to infer Apple's affirmative intent to infringe from the instructions cited in BillJCo's claim charts. The Complaint alleges that Apple has had knowledge of the Asserted Patents since BillJCo filed the Complaint and it also maps claim limitations to instructions in Apple's developer guides. From these allegations, it is reasonable to infer Apple's affirmative intent to encourage infringement post-suit. *See Modern Font Application LLC v. Red Lobster Hospitality LLC*, No. 6:21-cv-00470-ADA, slip op. at 5 (W.D. Tex. Jan. 28, 2022) ("[A]dvertising with instructions on how to use the infringing features is sufficient to permit an inference of specific intent."); *Ocado Innovation, Ltd. v. AutoStore AS*, Civil No. 21-cv-41-JL, 2021 U.S. Dist. LEXIS 152655, at *45 (D.N.H. Aug. 13, 2021) ("Ocado also alleges . . . that AutoStore has promoted the allegedly infringing products in

---

[5] Apple also avers that, because BillJCo does not point to specific third parties that Apple induces to infringe, the induced infringement claims are doomed. ECF No. 24 at 4. Yet "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336. BillJCo's allegations regarding "developers, and third-party manufacturers" are sufficient in view of the existence of, and BillJCo's repeated citation to, Apple Developer. *See* ECF No. 23 at 9.

the context of online grocery sales, which could be construed as an instruction to use the accused products in an infringing manner. This is minimally sufficient to satisfy the second part of the inducement test."); *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-cv-03343-EMC, 2021 U.S. Dist. LEXIS 111314, at *52 (N.D. Cal. June 14, 2021); *Ioengine*, 2019 U.S. Dist. LEXIS 12195, at *15.

That is particularly true here where Apple leaves BillJCo's claim charts unscathed. The *Takeda* opinion upon which Apple relies turned on a mismatch between the claim language and indications on a pharmaceutical label. *See Takeda*, 785 F.3d at 631–34 (affirming no probability of success for induced infringement where the claims were directed to a method of using a drug to treat gout and the accused product's label instructed using the accused product, not as a gout treatment, but as a gout prophylactic). Apple offers no analogous discrepancies in BillJCo's claim charts that would counsel against inferring Apple's affirmative intent.

The Complaint alleges that Apple has known of the Asserted Patents and its inducement at least by the time BillJCo filed its Complaint. *See, e.g.*, ECF No. 1 ¶ 41. It also adequately alleges Apple specific intent to encourage infringement. Accordingly, BillJCo's post-suit induced infringement claim is well-pleaded.

### E.  BillJCo Has Not Sufficiently Pleaded Post-Suit Contributory Infringement Claims

As this Court recently held, to state a claim for contributory infringement, a complaint must plead (1) knowledge of the patent, (2) knowledge of the acts alleged to be infringement, (3) that the accused infringer's component is not suitable for a substantial non-infringing use; and (4) that the accused infringer's component is material to practicing the claimed invention. *Modern Font*, slip op. at 7.

Apple challenges the sufficiency of BillJCo's contributory infringement pleading, characterizing it as mere boilerplate. ECF No. 16 at 9–10. The Court agrees. BillJCo's contributory infringement allegations are reproduced below.

> Apple is also liable for contributory infringement of at least one claim of the [Asserted Patents] by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the [Asserted Patents]. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Apple knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit. For at least the reasons set forth above, Apple contributes to the infringement of the [Asserted Patents] pursuant to 35 U.S.C. §271(b).

ECF No. 1 ¶¶ 50, 59, 68, 77, 86, 95. BillJCo's Complaint defines the Accused Infringing Instrumentalities and in doing so identifies only iPhone and iPad models with any specificity. *See* ECF No. 1 ¶ 36. BillJCo has made no attempt to focus its contributory infringement allegations on any specific components or functions in the iPhone and iPad. *Cf. Tierra Intelectual Borinquen, Inc. v. Asus Comput. Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 U.S. Dist. LEXIS 38570, at *5 (E.D. Tex. Mar. 21, 2014) (finding that a mobile phone "no doubt" had substantial noninfringing uses beyond the claimed method for authenticating user signatures, but finding contributory infringement adequately pleaded where the accused component was not the phone itself but "authentication methods"). Meaning, in the excerpt above, BillJCo alleges that iPhones and iPads have no substantial noninfringing uses. BillJCo offers nothing to support this contention. The Court, therefore, disregards BillJCo's allegation regarding substantial noninfringing uses as conclusory. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376,

378 (5th Cir. 2002) (internal quotation marks omitted)). Accordingly, the Court finds that BillJCo has insufficiently pleaded contributory infringement.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Apple's Motion to Dismiss. The Court **DENIES** Apple's Motion to Dismiss as to BillJCo's post-suit indirect and willful infringement claims, having found them sufficiently pleaded. The Court **GRANTS** Apple's Motion to Dismiss as to BillJCo's contributory infringement and pre-suit indirect and willful infringement claims. But the Court recognizes that it may be impossible for BillJCo to allege any pre-suit knowledge without the benefit of fact discovery. So, in accordance with the Court's usual practice, the Court permits BillJCo to amend its Complaint after the start of fact discovery and before June 2, 2022, to re-plead contributory infringement and pre-suit indirect and willful infringement claims, if able.

SIGNED this 1st day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE